All right, Mr. Greenaway, we'll hear from you first. Good afternoon, Your Honor. May it please the Court, my name is Joe Greenaway and I represent S.A.A. May I proceed? You may. The clear statement rule creates a heightened pleading standard requiring civil rights plaintiffs to do more than even Twombly and Iqbal requires. The magic words appear nowhere, no statute, no rule, yet it is an impediment to a case being heard on its merits. I cannot think of any other instance where a plaintiff needs the words for their claim to survive. Quoting from the district court, if I was writing on a blank slate, I would agree with the course of proceedings approach, especially where I cannot recognize any prejudice. The defendant has defended this case as though at least to be prepared for an individual capacity claim. Judges generally don't like kicking people out on technicalities. We ask that the Court strike the clear statement rule, embrace the course of proceedings, vacate summary judgment and remand to the district court for trial. Counsel, on the course of proceedings rule, does it only matter what the plaintiff puts in the complaint? There's some suggestion, the reason I ask, there's some suggestion in some of the other circuits that it also matters how the defendants respond. And we don't normally do that when we're looking at the sufficiency of the pleading. And so I'm wondering if, in your view, it's really limited to the four corners of the complaint. No clear statement, but we look at the complaint. Thank you, Your Honor. I think the answer is as follows. It depends on when you're looking. So, clearly, if you were looking at, say, the motion to dismiss stage of the case prior to motion to dismiss, you would just look at the four corners of the complaint. Here was a summary judgment case. So at any point in the case, you would look at several things if it were past the motion to dismiss phase. What discovery has gone on? So what pleadings, what additional pleadings have come into the record? You'd look at the answer. For instance, has qualified immunity been pledged? In the complaint, you'd look at the facts alleged. What are the actions in this case against the officer that have been alleged? You'd look and see whether punitive damages have been alleged, compensatory damages, which has been alleged here. You'd look at, in this case, for instance, and I think in most cases, whether policy and custom of a defendant in a county or state are implicated. And the absence or presence of that, I think, would also speak to capacity. And I think all of those things would come within the ambit of the course of proceedings test. I have a related question. So you've set forth a number of factors that could be part of a course of proceedings standard. Is there a particular formulation that this Court should look to for that standard? I believe there are slight variations that different courts have adopted. I think there are, admittedly, Your Honor, slight variations, but they are slight. And I think that from the standpoint of the — of each circuit, they have embraced the notion of — I can't hear you. Tell us where to look. Is there something that we look at and can follow, or do we make it up based on your arguments? Well, I think that there are — there's no need to make it up. I think there is — Look, what — what — what — what of the other cases you say there is a — everybody disagrees with it. Okay. Give us — give us the case that, in your view, lays out what we should hold. Well, I'm happy to do so. I begin with Kentucky v. Graham, where the Court in — I can't. Put the mic closer. I can't. I'm sorry. Speak more slowly or something. I didn't hear the case. No worries. Kentucky v. Graham. Okay. In that case, in footnote 14, the Court said, In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. The course of proceedings in such cases typically will indicate the nature of the liability sought to be imposed. And I start there, Your Honor, because I think that Kentucky v. Graham is only one case of many that this Court can look to in considering whether it wants to adopt the course of proceedings test. Okay. The Supreme Court has that in a footnote. Now, which circuit's done the best at saying which of the many multiple factors you mentioned are most important, rank most important? Or we just leave it up to each district judge? Well, I think that the Tenth Circuit has said that in Kentucky v. Graham, the Court instructed that if the complaint does not clearly indicate that defendants are being sued individually and or in their official capacities, the determination must be made by reviewing the course of the proceedings. That's probably the most cogent statement, but I will say, Your Honor, that at least somewhere between 9 and 10 other circuits have specifically embraced Kentucky v. Graham so that it's not merely an allusion to footnote 14. No, no. I get that from the briefing here. Which is the best, though? What's the best list of real factors? You're a district judge. You're a district judge, course of proceedings. If I were sitting as a district judge, I would look for the following. I would look for whether damages are sought. No, I heard your list before, and it was a good list. Don't mishear me. But what circuit do we say? Suppose we want to just say. Oh, you want one circuit. One circuit. The best circuit. The best list. You could even give me a law professor, but I'd prefer a court. Well, let's go back to the third circuit then. You know, I think the third circuit was very clear. Judge Slobodur, in her 1990 opinion in Mello v. Hafer, I think the reason I start there is because I think that Justice O'Connor in Hafer v. Mello, when it went to the Supreme Court 1991 opinion, said that embrace might be the wrong word, but adopt might be a correct word that Justice O'Connor used and said that the factors that the third circuit set out in adopting the course of proceedings test was ones that she would embrace. So that's the beginning of what I would look to, Your Honor. Could that include qualified immunity? Among the factors? Yes, sir. It did? Why would that be? Wouldn't any defendant faced with an ambiguous complaint as a matter of prudent defense lodge qualified immunity even if it turns out later that the complaint was only suing official capacity? I think that's absolutely right, and I think that's why you couldn't look solely to qualified immunity, that it's one of the factors that you would take into account. Okay. Do you think that you think things like damages are more important or more probative? Well, I think if one's looking for among the most probative, certainly if you are alleging punitive damages, there can be no doubt that you are seeking liability against the individual. To be fair, I think if you assert compensatory damages, there's an argument that that might not be a dispositive factor, but I think it is a consideration. Judge, did I answer your questions? Well, and others. Maybe. I'm still confused. If we look at the course of proceedings test, and generally they say, well, you look at the relevant data. And then what we're really asking about, different courts, different circuits have taken different positions on what the relevant data is. And so you might look at, for example, Atchison versus the District of Columbia where they have a list where they say you look at is there a request for punitive theory of joint and several liability? Is there a discussion of qualified immunity? All of which would indicate an individual capacity test. But there's a list there. And I think everybody's asking the same question is, what's the best list? And do you know a case that you could point to that would just say that's the test that the Eighth Circuit ought to adopt? There are a lot of cases I like here. There's a lot of cases. You'll love them all. But if you had to pick your favorite, I know it's like picking your favorite grandchild, but, you know, or child. I'm so sorry. I thought I did. The Third Circuit. No. But to be serious and answer your question, Your Honor, I think that when the Sixth Circuit took a look at this issue, when it reexamined Wells and looked at Moore, I think the factors set out there, much like the factors I set out, I think there there's an interesting discussion of one of the key issues that this Court spoke about in coming up with the clear statement rule, and that is the confluence between the Eleventh Amendment and 9A. And in that opinion, the Court said that in its view, the Eleventh Amendment is not jurisdictional and that the application or the nexus, if you will, of the Eleventh Amendment and 9A was one that it did not agree with. And that disagreement sort of undermines, at least in their mind, coming as an en banc court to a decision that they were going to go to with the course of proceedings test, that 9A did not require the clear statement rule. It did not require a statement of individual liability or personal liability. I wonder, and this gets back to my earlier question, I wonder whether we're risking going to the other end of the spectrum based on what you're asking for. So we're sort of alone on the clear statement rule, is my understanding. But then you have this list with the course of proceedings, and I'm wondering whether the answer actually lies in between, which is to treat civil rights claims under Section 1983 like every other claim. We read the pleadings, we look at the evidence, and if there's an individual capacity claim, there's an individual capacity claim. And maybe there's indicia, like damages and things like that, but I just worry that the course of proceedings is actually going to treat civil rights plaintiffs differently from other plaintiffs in just the other direction. I take your point, Your Honor, and I would say the following. Principal, among the reasons that ---- Stick with the microphone, if you would. Oh, I'm sorry. So everybody can hear. I don't want to be impolite, so. Well, at least if we can hear you. Yeah, yeah, so sorry. To answer your question, Your Honor, I would say that I take your concern, but I think that I would not advocate a middle ground, and the specific reason is I don't think that the Supreme Court advocated a middle ground. And let's just put aside for a moment, if I may, Kentucky v. Graham, right? Let's think about also City of Shelby. I think the holding in City of Shelby where the notion that you don't have to literally use the term 1983 means that the Supreme Court is moving away from technicalities. They're not moving away from factual averments a la Twombly and Iqbal, but they are moving away from technical averments speaking towards liability. So I wouldn't say that an interim ground of just looking at the facts were enough. I mean, as I said earlier, I don't move away from my position that I earlier stated. When it's motion to dismiss, obviously you are. But the question is, when you're past that, what do you look at? And I don't think that the interim ground that you're suggesting is workable or the best adherence to Supreme Court precedent. Okay. Counsel, would there be any scenario under which a course of proceedings test would not apply retroactively? You know, I saw that argument made by counsel and I think that Chevron Oil has been disavowed by the Supreme Court and Harper has been embraced. So I don't think that that's, you know, before Harper retroactivity was the default rule, but I think post-Harper it is the rule. So I think that with regard to its application here, it would be. What's so in defense of Judge Lay and Judge Haney, what's so problematic about a simple rule that you just have to mention the individual capacity and avoid then this complicated multi-factor balancing inquiry into what kind of lawsuit we have? What would have been so hard about your client just putting that in the complaint? We would have avoided a lot of litigation. I wouldn't have been able to come to the same point. Yeah, right. But I think. Well, it's a rule we've had for 40 years. So you have the burden to convince us to abandon it. Well, well, I, I, I, I take your question, but I think that the first thing I would say is it's a rule that's developed for 40 years outside of this circuit, right? After Kentucky v. Graham, within five years, six or seven circuits adopted Kentucky v. Graham and adopted the course of proceedings. Admittedly, the remainder of the circuits, all of which are embracing the course of proceedings, did so over time. I think in almost any pursuit on almost any issue, why now? And I think the answer is we put the case before you, obviously. But I think when you look at the Supreme Court cases as they are, I think that city of Shelby has pushed along this question. And when you look at the fact that in civil rights cases like this, thinking about these magic words, thinking about the frustration expressed by the district court here and by other opinions, even within this court, I think it's time to at least broach it. And hence, we're here. Thank you. I see I'm running up on my time for rebuttal. I'm happy to answer any other questions, but if not, I'd love to save my time. You may. Thank you for your argument. Thank you, Your Honor. Ms. Engelkar, we'll hear from you. Thank you. May it please the court, counsel. My name is Stephanie Engelkar. I'm excited to have this conversation with you today. This court has it right. Parties have been relying on this rule for nearly 40 years, and the clear statement rule is more consistent with the Supreme Court's interpretation and view of Rule 8 as viewed through the lens of Iqbal and Twombly. Capacity is simply about who is being sued. As this court knows, individual capacity is the individual employee. Official capacity is the entity. It's that simple. Section 1983 litigants have been relying on this rule for decades, and I want to address Kentucky v. Graham. That was really just kind of dicta relating to looking at the course of proceedings. It wasn't the Supreme Court laying down a test, hence that's why this court is asking, well, what factors would we apply? It's also not so simple to just say that the Eighth Circuit is out on its own and everybody else is doing it the other way and somehow the Eighth Circuit's wrong. It doesn't surprise you that I think the Eighth Circuit, my client thinks the Eighth Circuit's right here, but if this court is going to change course and look at something like the course of proceedings, you need to look at what are the other circuits doing. So the Ninth Circuit, as a default, just assumes everything's individual capacity, so please don't do that. The Sixth Circuit will look to see is it stated that there's official capacity? If so, they don't move beyond that. They don't apply that test, and I want to caution that one of the amicus briefs flagged this as a burden to especially pro se Section 1983 plaintiffs, but even within the Sixth Circuit, this has not solved that problem. There's still an access to courts issue, and that doesn't have anything to do with whether individual capacity is listed or not. In the Sixth Circuit, I'm sorry, even just this year in Roshada v. Flagel, a pro se plaintiff had looked on the court website and used the drop-down menu to pick individual capacity or official capacity. They put sued official. The Sixth Circuit said, well, that is official capacity, and this is what we're going with. So going with the course of proceedings test is not going to somehow magically fix the burdens that a plaintiff faces, and it's not the only one in Section 1983 litigation. In Section 1983 litigation, this court has held under Wilson v. Northcutt, you must focus on the individual and what that individual defendant did. So if a plaintiff gets the wrong name, they don't name the right person, or it's always a John Doe, and they never find the identity of the true individual who committed the unconstitutional act, then their claim is dismissed. If they name a police department as an entity and fail to name the city that had that police department, their claim is dismissed. So this is not going to be a fix-all for Section 1983 plaintiffs. Now, if this court is going to look at changing the rule, I also want to emphasize that as this court, if it's looking at factors under Biggs v. Meadows in the Fourth Circuit, notice is still key. Notice is what this court relied on in adopting the clear statement rule, and it has to be noted that this hasn't gone away as a key factor in looking at this in the course of proceedings cases. So in Biggs v. Meadows, the underlying inquiry is whether plaintiff's intention to hold the defendant personally liable can be ascertained fairly. And notice is, I can't emphasize how important that is, it's not simply having a name in the caption. In Johnson v. Outward Marine Court, this court explained that one of the reasons for this rule is that Section 1983 liability exposes public servants to civil liability and damages, and so only an express statement they are sued in their individual capacity will suffice to give proper notice to the defendants. But I think one of the issues with the clear statement rule is you can get notice, fair notice, in ways other than requiring a clear statement. In other words, the facts can be really clear, even if nobody says this is an individual capacity lawsuit. Yes, Your Honor. That's true, especially in cases like this where we're looking at, even just in the complaint here, I know that there's the argument, well, it's talking about what Officer Geisler was doing. But when we're looking at Section 1983 claims under Webb v. City of Maplewood, there can still be entity liability based on the employee's conduct. And so that is really the predicate constitutional violation that's addressed in a complaint. So in that regard, it's not really giving notice of who is being sued. It's only giving notice of what's the underlying constitutional, the unconstitutional claim, the predicate constitutional violation that would support that Monell claim. And this is similar in Baker v. Chisholm. That complaint just had people listed, although in that case, the caption itself also had a couple defendants that did, in fact, say individual capacity. What's a little bit different here is that this caption just never said that for anybody. But even if we move beyond the caption and we apply Iqbal-Twombly standards and look at Rule 8 through those lenses, looking at the complaint itself, here this plaintiff named some of the defendants and indicated in the complaint that they were sued in their individual and official capacities. And that was not stated for Officer Geisler here. Did they say they were sued in those capacities or that they were acting in those capacities? And does that distinction matter? To answer the latter part of your question, under Hafer v. Mello, the Supreme Court has made clear the phrase acting in official capacity has to do with capacity in which they're named. So the argument we put forth is that in every answer, Officer Geisler said acting in her official capacity. And SAA has argued that was about her conduct. The operative thing here is the Third Amendment-amended complaint, right? Yes, Your Honor. And Officer Geisler affirmatively alleged that she acted in her official capacity. Yes. And the plaintiff responded and as it was adjudicated on that basis, then the magistrate judge denied motion, untimely motion to leave to amend. Isn't that the only issue on appeal? Whether that denial was an abuse of discretion? Isn't that the real issue in this case? And everything else is just an invented attempt to bring in an issue that they wish was here. Your Honor, well, whether or not it was proper for the amendment, frankly, I don't think is... The clear statement test is controversial, but this is not the case to overrule it. And there's the principal reason why. That's what the panel did. I was on the panel. That's why I voted, not simply because our prior cases were binding. Yes, Your Honor. And we do set forth that the District Court did not abuse its discretion in denying that fourth amendment. And to answer Judge Kelly's question, I'm sorry. I was trying to get to the specific page, but it was saying named in individual and official capacity for the Hennepin County defendants, the deputies anyway. She actually never did name the doctor in her individual capacity. That claim ultimately was settled, so this issue was never raised on behalf of Hennepin County, which also, that focus on Hennepin County kind of also drives some of the arguments here, that Officer Geisler was really never a focus in this case. From my standpoint, what my notes say is it's the answer of June 9, 2022, which was the last time Geisler answered, because this was the third amendment complaint. And in that operative answer, he affirmatively or she affirmatively alleged, I acted in my official capacity, and the response did not challenge that until the wrong answer came down, and then there was an untimely motion for a leave to amend. Correct, Your Honor. When the trial court said, this isn't the case for this, why isn't that? I mean, I understand why you have to argue these things, but it seems to me that should be the lead point. Well, I agree, Your Honor. Appendix 177 has the language that Your Honor is referring to within the answer, and you are correct that the record shows that after that answer was filed, there was nothing done to try to remedy that. Just to follow up on that, if we changed the rule, we'd still have to find an abuse of discretion to reverse this decision. It was never pleaded. If the court reviews the denial on the amendment... Even if we said prospectively that the clear statement rule is out of sorts or out of whack or out of whatever, you still got to answer this appeal, and the answer is no abuse of discretion. Correct, Your Honor. And under reason over versus St. Louis County, this court may affirm summary judgment for any reason supported by the record, even if it differs from the rationale of the district court. And that's this circuit's opinion, 447F3B. I'm not saying the district court, we have to change from what the district court did. I think what the argument is, or what the question is, is that, you know, once you look at the pleadings, the Third Amendment complaint, the answer to the Third Amendment complaint, the Third Amendment complaint is silent. The answer says official capacity only, I acted in my official capacity. And the question is, if you don't allow the amendment, right, then that's the universe in which we're playing. And the only possible objection to that is that because we're at the summary judgment stage, we look beyond the pleadings and look at the way that the course of discovery went, right? That that's all part of what we have, right? And that's the argument that was advanced by the plaintiff. And so I think what Judge Loken is suggesting is that we really should be limited to just the pleadings. That frames the question. The district judge made his decision. And at that point, to change the outcome in this particular case, you've got to find some abuse of discretion, right? Are you following me? Yes. Okay. So what I'm going to ask as a follow-up, I assume that you agree with all that. Yes, Your Honor. I mean, we've said that if this court's going to change this, do it prospectively, leave this decision alone. Yeah, right. You'd like to win. Of course, yes. So my question is, is there anything else in this universe that's out there about the discovery, the depositions, what was said, when it was said, that would indicate that there was an individual capacity claim being made, other than the claim for punitive damages, which is, I guess, on the face of the complaint. And I assume that the appellant will argue that that's sufficient to actually give notice if we, in this case, if we go to the, if we abandon the clear statement. Well, at least what's in the record right now in the transcript from the motion hearing, defense counsel had indicated that the focus had not been on Officer Geisler. The focus had been on the Hennepin County Jail and on the task force officers. Had Officer Geisler been the focus, there would have been depositions of the task force officers. But we're talking about a uniformed officer who's not part of the execution of the search warrant out on the street, simply being tasked with going to pat down the female and put her under arrest. And what... It seems to me the only basis to outright reverse is if the district court, if there was no basis, if the district court erred and not sue Esponte, calling this an individual capacity claim at the time it ruled. Right, and the court did not err in that because it was following this court's... Right, right. And I do want to touch on, in further answering Judge Erickson's question, so one of the factors that we see pop up on the course of proceedings is, well, qualified immunity was also pled as an affirmative defense. Qualified immunity has to be pled by a defendant. And yet we look at Rule 8C, it's not enumerated. That is Supreme Court case law that requires that qualified immunity be affirmatively pled. So a Section 1983 plaintiff is not alone in these various burdens that we see in Section 1983 litigation. Also, as I mentioned earlier, the nature of the claims, it's not enough to just look at the depositions that we're talking about, what happened during the arrest, and what did the officer do, because, again, that can go to the underlying predicate constitutional violation for the official capacity claim. And so, and then when we get to damages, I know this has come up in some of the court's other clear statement cases, anybody will throw damages in there, and just because punitive damages are thrown in and those aren't available against an entity, not everybody knows that, or otherwise we wouldn't have to argue that before courts and in motions and liminees. So that's not dispositive of the issue either. Why do you say the district court would have had to rule sua sponte? Well, she agreed with it, so I'm going to ask her about it. Why do you agree that the district court would have had to rule sua sponte in favor of the plaintiff? The district court says that she argued about the Third Amendment complaint that it put Geisler on notice that she was suing against her in her individual capacity. So I gathered that the district judge thought it was argued, but he rejected the argument because of the clear statement rule. Is that wrong? Well, we raised, in summary and judgment, we raised this issue. So, you know, there is no sua sponte issue here like the court's concern with Remington and Wheelot. This was an issue that was raised by the defendants. The defendants raised that we were not sued in our individual capacity. The plaintiff responded and said, yes, she was. The plaintiff responded that they believed, that it was her belief that she was. But looking at the complaint, it's just not there. Well, isn't the simple answer here that the court was applying the clear statement rule? If we find that that's no longer applicable in the Eighth Circuit, isn't it just remanded to the district court to look at the state of the record, the Third Amendment complaint, and decide based on whatever test we adopt whether it survives or not? No. This court, if it's going to adopt a new test, should then, under Reasonover v. St. Louis County, it has the authority and the ability to then apply the factors to the record in this case. We have a developed record. Is it required to? Are we required to do that? No, this court is not required to do that. It doesn't require a complete reversal. We can just remand and let the district court apply whatever new test we come up with. Well, let her answer that question first, if you wouldn't mind. Well, Your Honor, we ask that the court, if this court is going to change the rule, that it do so prospectively, that Chevron is not overruled. Let's also assume we disagree with that. Then, in enacting a new test, that parties have been relying on the other rule for 40 years, if we're going to lay forth what is the precedent that parties will now follow, this is where this court has the authority to do that under Reasonover instead of remanding to the district court, and we will be back here again, litigating over the application of the factors. Well, the point I'm making, is it necessary that we need to hold that it's an abuse of discretion not to allow a Fourth Amendment complaint? Couldn't we just send it back and let the court apply whatever rule we adopt to the state of the record as it is? If the court reverses itself on the clear statement rule and abandons its precedent, then yes, that can go to the district court, but we ask that this court do that prospectively, or if it's going to apply the factors, apply them as we've laid forth in our brief. Your Honor, I'm past my time. Would you like me to answer Judge Erickson's question? Well, I think he should ask it first, but then I think you can answer it. Does it make a difference that Judge Schilt said, I'm really torn on this because if I was writing on a blank slate, I would agree with the course of proceedings approach, and I think it was, especially where I can't recognize any prejudice here, the defendant has defended this case. Right. And was prepared to meet an individual capacity claim, as experienced defense lawyers, attorneys would do. I mean, because what he says is, if we are in this different universe, this case has been litigated as though. And doesn't that tend to indicate, well, if we're going to come up with new tests, this is the right case to let the judge make that call? Respectfully, Your Honor, this case was not litigated as if it was an individual capacity claim, as I had indicated. If that was the focus, there would have been depositions of the task force officers that were on the scene. Thank you. We would ask that the court affirm the district court. Very well. Thank you for your argument. We'll hear rebuttal. Judge Schilt asked counsel, specifically, would you have litigated this any differently? And at that time, she said no. But there's a fundamental misunderstanding that I think is occurring in this colloquy, and that is this. The Fourth Amendment complaint is not before you, because in our petition for rehearing en banc, we didn't argue it. And my understanding is, based on the policy of the Eighth Circuit, you would have litigated this differently. You bind yourselves to the issue that is before you rather than everything that had come before. The issue before this Court now is the Third Amended complaint in which summary judgment was granted, not the Fourth Amended complaint. And the order in which you granted the Court, sorry, granted rehearing en banc vacated the panel opinion, and what's before the Court now is reviewing the summary judgment. A couple of things, if I may. This is a municipal defendant. One of the questions this Court will have to grapple with is, should the clear statement rule apply at all, because the rationale that the Court has articulated for the clear statement rule is the nexus between the Eleventh Amendment and 9A. In the absence of a State defendant, whether the State or a State defendant, clearly whether the clear statement rule applies at all. If the clear statement rule doesn't apply, then this plaintiff should be allowed to go forward to trial, because Judge Schultz has already opined that he thinks there are genuine issues of material fact. The other thing I wanted to mention is my reference to Twombly and Iqbal is merely that in all of the things that one looks at under the course of proceedings tests, even Twombly and Iqbal would be met. That, Twombly and Iqbal is about are there sufficient factual predicates for the case to go forward. That's not the issue here. Personal liability, individual liability, official, I'm sorry, personal capacity, individual capacity is a question of have you articulated the legal theory. I alluded to Twombly and Iqbal not for the irony, but for the fact that there are sufficient facts articulated here that say to the reader that this plaintiff, along with the other factors, is seeking to assess individual liability against this defendant. What do you say about the questions relating to the answer in the Third Amendment complaint? The fact that Geisler, I guess, answered that she was acting in her official capacity, is that relevant? I don't think that a State — well, I guess one question to ask is would a defendant ever say I was acting in my individual capacity in an answer? That would never happen. Not just because it's against their interest, but because you'd never say it, right? You'd never say as a police officer charged in 1983 I was acting ultra-virally. Right? I mean, that just would never happen. So the fact that that's stated I think is of no moment. I'm happy to answer any other questions. I see my time has run out. Thank you for this opportunity. Thank you for your argument. Thank you to both counsel. The case is submitted. The Court will file a decision in due course.